Peekskill City School District v. Colonial Surety Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of March, two thousand fifteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                      *Circuit Judges*.

_____

PEEKSKILL CITY SCHOOL DISTRICT,

                      *Plaintiff-Appellant*,

          v.                                                    14-1160-cv

COLONIAL SURETY COMPANY,

                      *Defendant-Appellee*.

_____

Appearing for Appellant:     Geoffrey S. Pope, Welby, Brady & Greenblatt, LLP, (Thomas H. Welby, *on the brief),* White Plains, N.Y.

Appearing for Appellee:      Adam Schwartz, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, N.J.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

          **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Peekskill City School District ("Peekskill") appeals from the March 18, 2014 opinion and order of the United States District Court for the Southern District of New York (Stein, J.) granting summary judgment to Colonial Surety Company ("Colonial") on the entirety of Peekskill's complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In February 2006, Peekskill contracted with All Phase Electrical Contracting to undertake electrical work on a middle school then under construction. All Phase took out a performance bond with Colonial that ensured the electrical work would be completed should All Phase be unable to complete its tasks (the "Bond"). In granting Colonial summary judgment, the district court found "Peekskill's action is a 'proceeding . . . under th[e] Bond' and is thus subject to the two-year limitations period that the parties agreed to in the bond." *Peekskill City Sch. Dist. v. Colonial Surety Co.*, 6 F. Supp. 3d 372, 376 (S.D.N.Y. 2014) (alteration in the original).

Peekskill first argues that the district court erred in finding Counts One and Three of its complaint governed by the Bond. Peekskill argues that both counts flowed from agreements between the parties that fall outside of the Bond and are thus governed by New York's six-year statute of limitations governing contract actions. Peekskill did not raise this argument below. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Even if we were to consider the argument here, we would affirm. Peekskill points to nothing in the record to establish that it entered into an agreement with Colonial separate from the Bond that would fall outside the Bond's two-year limitations period.

Peekskill next argues that the statute of limitations in the bond was tolled by the commencement of the declaratory judgment action. Because the relevant bond provision requires that "any proceeding . . . shall be instituted within two years . . . ," Peekskill argues Colonial's commencement of the declaratory judgment action tolled the statute. We find no basis for holding Colonial's declaratory judgment action tolled the statute of limitations on Peekskill's claims. We also decline to apply equitable tolling to salvage Peekskill's claims. "Equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal citations and alterations omitted). This is not a "rare and exceptional circumstance." When faced with a declaratory judgment action and a relatively short statute of limitations, Peekskill had several options for preserving its claims against Colonial. Instead of simply moving to dismiss the declaratory judgment action, it could have (1) answered, preserving its defenses and claims, then moved to dismiss under Fed. R. Civ. P. 12(c); or (2) commenced its own action. Either action would have preserved its claims.

Finally, Peekskill's argument that Colonial should not have been permitted to voluntarily dismiss its declaratory judgment action is not redressable in this appeal. Peekskill needed to challenge Colonial's action within the context of the declaratory judgment action, either by a motion for reconsideration or via direct appeal.

2

We have considered the remainder of Peekskill's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk